# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-317-R

**L. RUTHER**  **PLAINTIFF**

**v.**

**UNITED STATES OFFICERS**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff L. Ruther, *pro se*, filed a handwritten complaint on his own paper against "United States Officers."

Within the complaint, Plaintiff also provides an affidavit listing his income, expenses, debt, and assets. Consequently, the Court construes the complaint also as an application to proceed without prepayment of fees, which upon review, is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In the complaint, which is not a model of clarify, Plaintiff appears to seek damages in the amount of $71,000 from the United States because it did not arrest and try Barry Gash for allegedly stealing the money from Plaintiff.

Plaintiff, on at least two other occasions, has asserted this very same claim against United States Officers. *See* Civil Action Nos. 3:10CV-150-H and 3:10CV-291-H. In those cases, the Court concluded that it cannot grant Plaintiff the relief requested as "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States*

*v. Nixon*, 418 U.S. 683, 693 (1974); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Those same reasons continue to apply here.

Plaintiff's complaint will, therefore, be dismissed by separate Order for failure to state a claim upon which relief may be granted.

The Court **WARNS** Plaintiff that the filing of repetitive complaints regarding the same subject matter which the Court has already determined to be without merit may result in imposition of sanctions. *See* Fed. R. Civ. P. 11(b) (permitting a district court to impose sanctions on an attorney or party who has filed and signed a pleading, motion, or other paper in the district court, if the court concludes it was filed for any improper purpose or has no basis in law or fact).

Date:


cc: Plaintiff, *pro se*
4413.005